1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALBERT HODGES, | Case No. 1:23-cv-01635-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| UNKNOWN, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE |
| Defendant. | **FOURTEEN (14) DAY DEADLINE** |

**I.      Background**

Plaintiff James Albert Hodges ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On October 3, 2025, the Court issued an order of reassignment of this case from Magistrate Judge Gary S. Austin to the undersigned for all further proceedings.  (ECF No. 20.) The order was served on Plaintiff at his current address of record at the Lerdo Max-Med Facility in Bakersfield, California.  (*Id.*)

On October 14, 2025, the Court's order of reassignment was returned as "Undeliverable, Not in Custody."

Plaintiff has not filed a notice of change of address or otherwise communicated with the Court.

///

1

1

## II.    Discussion

2      Plaintiff is required to keep the Court apprised of his current address at all times. Local

3  Rule 183(b) provides:

4      **Address Changes.**  A party appearing in propria persona shall keep the Court and
5      opposing parties advised as to his or her current address.  If mail directed to a
       plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and
6      if such plaintiff fails to notify the Court and opposing parties within thirty (30) days
       thereafter of a current address, the Court may dismiss the action without prejudice
7      for failure to prosecute.

8  Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to

9  prosecute.[1]

10      Plaintiff's address change was due no later than November 13, 2025.  Plaintiff has failed

11  to file a change of address and he has not otherwise been in contact with the Court.  "In

12  determining whether to dismiss an action for lack of prosecution, the district court is required to

13  weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

14  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

15  favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

16  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation

17  omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re*

18  *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

19  These factors guide a court in deciding what to do, and are not conditions that must be met in

20  order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

21      Given Plaintiff's failure to respond to this Court's order, the expeditious resolution of

22  litigation and the Court's need to manage its docket weigh in favor of dismissal.  *Id.* at 1227.

23  More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no

24  other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his

25  failure to apprise the Court of his current address.  *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.  The

26  Court will therefore recommend that this action be dismissed based on Plaintiff's failure to

27

28  [1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute.  *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

1  prosecute this action.

2  **III.    Order and Recommendation**

3        Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

4  District Judge to this action.

5        Furthermore, the Court HEREBY RECOMMENDS that this action be dismissed, without

6  prejudice, based on Plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); Local Rule 183(b).

7        These Findings and Recommendations will be submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

9  **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

10  file written objections with the court.  The document should be captioned "Objections to

11  Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

12  **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

13  **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

14  **limit may not be considered.**  The parties are advised that failure to file objections within the

15  specified time may result in the waiver of the "right to challenge the magistrate's factual

16  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

17  *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

18
19  IT IS SO ORDERED.

20     Dated:   **November 20, 2025**          /s/ *Barbara A. McAuliffe*

21                                            UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

3